**WO**  MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Faye Parks,<br><br>Petitioner,<br><br>vs.<br><br>Tom Shehan, et al.,<br><br>Respondents. | No. CV 12-8040-PCT-GMS (DKD)<br><br>**ORDER** |

On March 5, 2012, Petitioner Edward Faye Parks, who is confined in the Mohave County Jail in Kingman, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In a March 8, 2012 Order, the Court noted that Petitioner had not paid the filing fee or filed an Application to Proceed *In Forma Pauperis*. The Court gave Petitioner 30 days to either pay the filing fee or file an Application to Proceed *In Forma Pauperis*.

On March 21, 2012, Petitioner filed a "Motion in Request, for Spe[ci]al Action Rule-7" (Doc. 4). On March 26, 2012, he paid the filing fee. The Court will dismiss this case and will deny the Motion in Request.

**I.   Petition**

Petitioner alleges that he was convicted in Mohave County Superior Court, case CR-2011-0853, of disorderly conduct with a weapon, and two counts of aggravate assault, and that he was sentenced to prison terms of one year, 2 years, and 3.5 years, respectively. In his

Petition, Petitioner names Tom Shehan as Respondent and the State of Arizona and Arizona Attorney General as Additional Respondents.

Petitioner raises four grounds for relief in his Petition. He also alleges that he has filed an appeal and/or petition for special action with the Arizona Court of Appeals, as well as two petitions with the Mohave County Superior Court.

## II.    Discussion

First, it is not clear that relief is available pursuant to 28 U.S.C. § 2254, which requires that a person be in custody pursuant to a **judgment** of a State court. Petitioner states in his Petition that his sentence was not imposed until March 14, 2012, nine days *after* he filed this Petition.[1]

Second, before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The failure to exhaust subjects the Petition to dismissal. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. Id.

---

[1] In addition, attached to Petitioner's March 21st Motion in Request are two pages from a probation officer that indicate that Petitioner's sentencing was set for March 14th and Petitioner's own statement that "sentencing was postponed two weeks - no date yet."

In light of Petitioner's pending appeal and/or special action, and his pending motions in the superior court, the Petition is premature and must be dismissed. See id.; Schnepp. The Court will dismiss the case without prejudice.

**III.    Motion in Request**

In his Motion in Request, Petitioner appears to be asking this Court to contact the Arizona Court of Appeals and "request, by–fax–or mail–this Rule -7- Spe[ci]al Action, so [Petitioner] can fill it out, and send [it] back [to the] Appeal[]s Court."  Because the Court is dismissing this habeas action, the Court will deny as moot the Motion in Request.

**IT IS ORDERED:**

(1)    Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2)    Petitioner's  "Motion in Request, for Spe[ci]al Action Rule-7" (Doc. 4) is **denied as moot**.

(3)    The Clerk of Court must enter judgment accordingly and close this case.

(4)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 3rd day of April, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 3 -